IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JENNIFER AMELIA ROSE (aka John David Gann),** | Case No. 1:18-cv-01384 NONE JDP |
| Plaintiff, | ORDER RE STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 34) |
| **R. ADAIR, et al.,** | |
| Defendants. | |

Plaintiff Jennifer Amelia Rose (aka John David Gann) and Defendants R. Adair, M. Franco, J. Harmon, M. Moody, A. Rodriguez, and M. Agbayani (Defendants) by and through their respective attorneys of record, hereby stipulate and jointly request the Court enter a protective order regarding confidential information, including but not limited to video and audio evidence, investigative reports, staff records, and prison operational documents, exchanged for purposes of the February 21, 2020 settlement conference only, pursuant to Eastern District of California Civil Local Rules 141.1, and 143.

The parties agree that there is good cause for a protective order for purposes of the February 21, 2020 settlement conference. The parties file the proposed protective order based on

1

1 | the Northern District of California's model protective order, but modified it to reflect that this
2 | case involves inmate litigation and is venued in the Eastern District of California.

## [PROPOSED] PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this case is likely to involve production of confidential, proprietary, or private information, and records of the California Department of Corrections and Rehabilitation (CDCR) that concern prison management; investigational tactics, policy, and protocol; reflect the personal information of inmates, officers, and prison staff; or that would threaten prison safety and security for which special protection from disclosure to the inmate Plaintiff, public disclosure, disclosure not authorized by law, and from use for any purpose other than pursuing settlement of this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This protective order does not permit the Parties to file confidential information under seal, nor does it otherwise limit or contravene Civil Local Rule 141, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. This protective order governs informal discovery and information exchanged for the purposes of settlement at the February 21, 2020 settlement conference only.

This protective order does not dispose of, nor curtail any Party's ability to object to production of documents on the ground of any privilege, including but not limited to the right to privacy and the official-information privilege. Nor does this order affect the Parties' right to withhold the production of privileged or confidential documents and information. No party will be held in contempt of this protective order for any objections or withholding of documents asserted under this section.

2

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

The Defendants shall only designate materials as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective Order if the material has been deemed confidential by the CDCR for safety and security reasons, and has been restricted from general distribution, including but not limited to inmates, parolees, and the public.

**2. DEFINITIONS**

2.1 <u>Challenging Party</u>: the party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Material</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and California state law, including but not limited to, CDCR and Kern Valley State Prison documents regarding prison management, personnel files, safety, and security.

2.3 <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and California state law and constitute or contains information that threatens prison safety or security as determined by CDCR or Kern Valley State Prison. The criteria for such a designation shall be whether the Party has a good-faith belief that the information is entitled to protection from disclosure to non-attorneys, including any inmate, because such information threatens inmate, staff, or institutional safety and security.

2.4 <u>Designating Party</u>: a Party or Non-Party that designates any produced material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness under Federal Rules of Evidence 702, 703, or 705, or as a retained, undisclosed consultant in this

3

action.

      2.7    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

      2.8    <u>Outside Counsel of Record</u>: attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

      2.9    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

      2.10    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

      2.11    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

      2.12    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and that is not subject to any privilege, including attorney-client privilege and work-product privilege.

      2.13    <u>Receiving Party</u>: a Party that inspects or receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

This order shall only apply to the production and exchange of all documents, testimony, discovery, video, audio, and other information, regardless of whether such production or exchange is made informally or in response to formal discovery requests or mechanisms, for the purposes of the February 21, 2020 settlement conference.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

4

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) 180 days after the dismissal of all claims and defenses in this action, with or without prejudice; and (2) 180 days after the final judgment herein after the completing and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

5

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that material designated for protection does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

<u>Designation in conformity with this Order requires:</u>

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) by special notations next to or covering the protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" label to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

6

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Personal Information of CDCR Employees and Other Inmates</u>. Personal information of current and former CDCR employees including but not limited to first names, social security numbers, telephone numbers, and home addresses of the CDCR employee and their family, shall be redacted from all discovery documents regardless of their designated protected status. Additionally, identification information, including but not limited to names, nicknames, CDCR numbers, addresses, and telephone numbers, of non-Plaintiff inmates or parolees shall be redacted from all discovery materials produced.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Neither Party may challenge the confidentiality designations made pursuant to this Order for the purposes of the February 21, 2020 settlement conference.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for settlement of this litigation at the February 21, 2020 settlement conference. Such Protected Material may be

7

disclosed only to the categories of persons and under the conditions described in this Order. If no settlement agreement is reached at the February 21, 2020 settlement conference, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material.

This Protective Order is intended to and does preclude Counsel of Records from disclosing documents and information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff, members of Plaintiff's family, friends, or associates of Plaintiff, or to any other inmate or parolee, or to the public.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only the Counsel of Record (as well as support staff) of the Receiving Party, and the Court and its personnel, may have access to and review any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  It is further agreed by the Parties and ordered by the Court that the information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disseminated to or discussed with any inmates, including a party or a witness, parolee, and the public in this case or in any other capacity, unless by written agreement of the parties or on order of the Court under the procedures set forth in section 6.

7.3     Disclosure of "CONFIDENTIAL" Material.

This Protective Order is intended to and does preclude Counsel of Record from allowing Plaintiff to possess or retain a copy of any information designated "CONFIDENTIAL." However, this Protective Order is not intended to and does not preclude Counsel of Record from displaying, disclosing or discussing the contents of such information or items to Plaintiff.  The Parties agree that information or items labeled "CONFIDENTIAL" may be displayed or disclosed to or discussed between Counsel of Record and Plaintiff to the extent necessary to facilitate settlement discussions.

8

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

In addition to the above, unless otherwise ordered by this Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of settlement (as well as support staff);

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of settlement and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of settlement and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of settlement and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1 <u>Production of Protected Material by a Non-Party</u>

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 <u>Production of a Non-Party's Protected Material by a Party</u>

10

(a) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(b) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

In the event the Receiving Party believes that documents labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" have been viewed or obtained by persons not authorized by this protective order, the Receiving Party must immediately (a) notify in writing

11

the Designating Party of the unauthorized disclosures, (b) identify the person or person to whom unauthorized disclosures were made, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) use its best efforts to retrieve all unauthorized copies of the Protected Material.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may agree to a disclosure of such information under the terms of this Protective Order.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. This Protective Order does not deny or abrogate the parties' rights to object to disclosure or production of any information on any ground not mentioned in this Protective Order. Similarly, this Protective Order does not deny or abrogate a party's right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Under no circumstances will any Protected Materials be filed with the Court. The parties agree that Protected Materials may be provided to the Court with the Confidential (Unfiled) Settlement Conference Statement.

12.4 <u>Access to Protected Material by Authorized Government Officials</u>. Nothing in this Order is intended to prevent officials or employees of the State of California or other authorized

12

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

government officials from having access to Protected Material to which they have access in the normal course of their official duties.

12.5 <u>Inmate Access to Inmate Files</u>. This Order is not intended to abrogate the existing rights of inmates to inspect their own records – specifically, the non-confidential portion of their central files in addition to their unit health records – pursuant to Department Operations Manual § 13030.16. Unless otherwise ordered by the Court, permitted in writing by the Designating Party, or with appropriate valid authorization, any information or item appropriately designated "CONFIDENTIAL" under the terms of this Order shall not be disclosed or discussed with any other inmate other than the inmate to whom the information or item pertains. Unless otherwise ordered by the Court, permitted in writing by the Designating Party, or with appropriate valid authorization, any information or item appropriately designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order shall not be disclosed or discussed with any inmate.

**13. FINAL DISPOSITION**

(a) Within 15 days of the settlement conference, regardless of whether settlement has been reached, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, subject to the exceptions set forth in section 13(b). As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 15 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, other than exceptions set forth in section 13(b).

(b) Notwithstanding section 13(a), Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

13

and consultant and expert work product, even if such materials contain Protected Material. In addition, Counsel of Record is not required to destroy or return copies of Protected Material that may be stored on back-up tapes created in the Receiving Party's normal course of business and retained for disaster-recovery purposes, but Counsel of Record should make an attempt to destroy or return such copies as feasible. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

DATED: December 19, 2019      /s/ *Kevin Love Hubbard*
                              Kevin Love Hubbard
                              Medina Orthwein LLP
                              *Attorneys for Plaintiff*

DATED: December 19, 2019      /s/ *Le-Mai D. Lyons*
                              Le-Mai D. Lyons
                              Deputy Attorney General
                              *Attorneys for Defendants*

14

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

**ORDER**

The Court has reviewed and considered the parties' proposed protective order and believes that it is appropriate for use in this case for purposes of the settlement conference only. The Court, therefore, approves and adopts the stipulated protective order supplied by the parties, and for good cause orders the parties to conduct themselves in accordance with the following protective order provisions.

Accordingly, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is entered; and
2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141.

IT IS SO ORDERED.

Dated: __**February 7, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE

15

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in *Rose v. Adair, et al.*, Case No. 1:18-cv-01384 LJO JDP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

16

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)

Signature: _____

17

[Proposed] Protective Order Settlement Conf. (1:18-cv-01384 LJO JDP)